IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC L. JOHNSON, | : | |
|     Petitioner, | : | 1:18-cv-0102 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| DAVID J. EBBERT, | : | |
|     Respondent. | : | |

# **MEMORANDUM**

## **April 19, 2018**

Presently before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed on January 12, 2018, by Petitioner Eric L. Johnson ("Johnson"), a federal inmate confined at the United States Penitentiary at Lewisburg, Pennsylvania. (Doc. 1). Johnson alleges that the United States District Court for the District of New Mexico misapplied the career offender sentencing enhancement. (*Id.* at pp. 1, 7-8). He seeks to supplement his petition to expressly state "Misapplication of career offender status/factually and legally innocent of the sentence imposed." (Doc. 5). The Court will grant the motion and consider the petition in this context.

The Court has conducted preliminary review and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction. *See* R. GOVERNING § 2254 CASES R. 4, 1(b).[1]

I. **Background**

On October 21, 2004, in the United States District Court for the District of New Mexico, Johnson pled guilty to possession of a firearm during or in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). *See United States v. Johnson*, 376 F. App'x 858, 859 (10th Cir. 2010). Based on prior convictions for crimes of violence, the district court found that Johnson qualified as a career offender and enhanced his sentence in accordance with the U.S. Sentencing Guidelines Manual § 4B1.1. "Because of [his]career offender status, his Guideline sentence range was 360 months to life imprisonment. Ultimately, [he] received a 180 month sentence in December, 2008." *Johnson v. United States*, No. CR 03-00477 MV, 2017 WL 3635319, at *1 (D.N.M. Apr. 27, 2017) (record citations omitted).

Johnson sought relief *via* a motion pursuant to 28 U.S.C. § 2255, "arguing that he was unconstitutionally sentenced following the Supreme Court of the United States' ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and the

---

[1] **Error! Main Document Only.**Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. Governing § 2254 Cases R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

Tenth Circuit Court of Appeals' ruling in *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015)." *Johnson*, No. CV 16-548 MV/CG, No. CR 03-477 MV, 2017 WL 3635319, at *1 (D. NM. April 27, 2017). The district court denied the motion on April 27, 2017. (*Id.*)

On April 25, 2017, Johnson sought authorization in the United States Court of Appeals for the Tenth Circuit to file a second or successive motion under § 2255 challenging his career-offender enhancement on two grounds. (United States Court of Appeals for the Tenth Circuit, Docket No. 17-2054 ("Tenth Circuit Dkt. No. 17-2054").[2] He first sought relief based on newly discovered evidence, to wit, the Supreme Court decision in *Taylor v. United States*, 495 U.S. 575 (1990). The Court rejected this argument stating "judicial decisions are not new evidence and thus cannot be relied on to satisfy §2255(h)." (Tenth Circuit Dkt. No. 17-2054, Doc. 01019802839, p. 2). He also claimed that his prior conviction for a prisoner in possession of a weapon "was improperly used as a predicate felony under the residual clause of career-offender guideline contrary to *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551, 2563 (2015), which was made retroactive to cases on collateral review by *Welch v. United States*, ___ U.S. ___, 136 S.Ct. 1257, 1268 (2016)." (*Id.*). The court also rejected this argument stating "the Supreme Court has recently held that Johnson does not apply to the career-offender guideline, at

---
[2] https://www.pacer.gov

least when, as here, sentencing took place after the guidelines were made advisory by *United States v. Booker*, 543 U.S. 220, 245 (2005). *See Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886, 8990, 894 (2017)." (*Id.*) Based on the above, the Tenth Circuit denied authorization and noted that the denial of authorization " 'shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.' 28 U.S.C. § 2244(b)(3)(E)." (*Id.* at 3).

On May 9, 2017, Johnson again sought authorization in the United States Court of Appeals for the Tenth Circuit to file a second or successive motion under § 2255 challenging his career-offender enhancement on two grounds. (United States Court of Appeals for the Tenth Circuit, Docket No. 17-2066 ("Tenth Circuit Dkt. No. 17-2066"). He again relied on *Taylor*, 495 U.S. 575, this time arguing that counsel was ineffective for failing to object to the use of a prior conviction for voluntary manslaughter as one of the two qualifying felonies for the career-offender enhancement under § 4B1.1, because his "conviction was in violation of the categorical approach generally governing the qualification of prior convictions under the guideline." (Tenth Circuit Dkt. No. 17-2066, Doc. 01019812398, p. 2). The Tenth Circuit rejected this argument on the ground that judicial decisions are not new evidence and cannot be relied on to satisfy 28 U.S.C. § 2255(h)(1). (*Id.*) Additionally, the Court observed "[n]or does a challenge to a guideline enhancement of a sentence relate to guilt of the underlying offense, which is the

4

exclusive focus of § 2255(h)(1)." (*Id.*) In his § 2255(h)(2) argument, he contended that *Mathis v. United States,* 136 S.Ct. 2243 (2016), and *Sawyer v. Smith*, 497 U.S. 227 (1990), were new retroactive rules of constitutional law that supported his position that his prior conviction for being a prisoner in possession of a weapon was improperly used as a predicate offense. (*Id.*) In rejecting the argument, the court noted that "the holding in *Mathis* does not qualify as such a rule, *see Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016); *In re Lott*, 838 F.3d 522 (5th Cir. 2016), and the holding in *Sawyer* was issued twenty years before his first § 2255 motion." (*Id.* at 2, 3). The Court also noted that his §4B1.2 guideline argument concerning the deletion of the "residual clause" in the "crime of violence" definition was without merit because "a guideline amendment is neither evidence of innocence or a new rule of constitutional law and thus cannot be the basis for authorization under § 2255." (*Id.* at 3) (citations omitted). Lastly, the court rejected his argument that his delay in presenting his claim was attributable to his confinement as it is not a ground for authorization under § 2255(h). (*Id.*) Based on the above, the Tenth Circuit denied authorization and again noted that the denial of authorization " 'shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.' 28 U.S.C. § 2244(b)(3)(E)." (*Id.* at 4).

On September 20, 2017, for the third time, Johnson sought authorization in the United States Court of Appeals for the Tenth Circuit to file a second or successive motion under § 2255 challenging his career-offender enhancement on two grounds. (United States Court of Appeals for the Tenth Circuit, Docket No. 17-2154 ("Tenth Circuit Dkt. No. 17-2154")). The court denied authorization on October 10, 2017, noting that "Mr. Johnson has not cited any new rule of constitutional law, nor has he come forward with any new evidence regarding his guilt or innocence." (Tenth Circuit Dkt. No. 17-2154, Doc. 01019883542, p. 3). The court also noted, "[a]s stated previously, Mr. Johnson has raised the same claim in unsuccessful motions that were filed less than six months ago. If Mr. Johnson files a future motion for authorization concerning the same underlying conviction or sentence in which he presents argument in favor of authorization substantially similar to the argument presented here, the Clerk shall dismiss the motion for authorization without further notice." (*Id.* at 3, 4).

A fourth motion for authorization was dismissed on January 2, 2018, pursuant to the court's October 10, 2017 order in Tenth Circuit Dkt. No. 17-2154. (United States Court of Appeals for the Tenth Circuit, Docket No. 17-2206 "Tenth Circuit Dkt. No. 17-2206").

Johnson filed the instant petition alleging that he "was unlawfully enhanced as a career offender." (Doc. 1, p. 7).

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002) (citing *Davis v. United States* 417 U.S. 333, 342 (1974)); *see In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). A petitioner may only resort to a § 2241 petition in the unusual situation where the remedy by motion under § 2255 would be inadequate or ineffective. *See* 28 U.S.C. § 2255; *see Dorsainvil*, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. *See id.* at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002); *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000); *Dorsainvil*, 119 F.3d at 251.).

The recognized exception to the general rule, that a challenge to a conviction or sentence must be brought under 28 U.S.C. § 2255 in the sentencing court, is "where the petitioner was in the 'unusual position' of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." *Okereke v. U.S.*, 307

F.3d 117, 120 (3d Cir. 2002) (quoting *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)). Johnson's instant claim is not based upon a contention that the conduct which led to his conviction is no longer criminal as a result of some change in the law. Instead, he challenges the basis for his sentence enhancement under the Armed Career Criminal Act. The Third Circuit Court of Appeals has not extended the limited *Dorsainvil* exception to include situations where a prisoner is challenging a sentence enhancement based on an intervening change in substantive law. *Okereke*, 307 F.3d at 120 (refusing to extend *Dorsainvil* exception to sentencing challenge under *Apprendi*). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255 and Smith fails to demonstrate that he falls within the *Dorsainvil* exception.

If a petitioner improperly challenges a federal conviction or sentence under § 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971).